IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 


NO. AP-75,059




 

STATE EX REL. RENE GUERRA, HIDALGO COUNTY CRIMINAL DISTRICT
ATTORNEY, RELATOR 


v. 



THE HONORABLE DANIEL ROBLES, SITTING AS JUDGE OF COUNTY COURT AT
LAW NO. ONE OF HIDALGO COUNTY, RESPONDENT






ON APPLICATION FOR WRIT OF MANDAMUS 


FROM HIDALGO COUNTY




Per Curiam. 


 

OPINION



 This is a petition for writ of mandamus asking this Court to order Respondent to vacate an
order removing Relator from his duties as the elected Criminal District Attorney of Hidalgo County
in a case where an elected district judge of Hidalgo County is charged with Driving While
Intoxicated.

 The real party in interest moved to disqualify Relator because he intended to call several of
Relator's assistants as witnesses in the case. Respondent, ruling that there was a conflict of interest,
granted the motion, removed Relator from his position as the elected Criminal District Attorney in
this case, and appointed two special prosecutors for the case. Relator petitioned the 13th Court of 


Appeals; that court found Relator was not entitled to relief. In re Guerra, No. 13-04-316-CR
(Tex.App. -- Corpus Christi August 19, 2004) (not published).

 In State ex rel. Eidson v. Edwards, 793 S.W.2d 1 (Tex.Crim.App. 1990), we held that a trial
court judge could not prevent the elected district attorney and his staff from participating in the
prosecution of any case properly brought in that jurisdiction. The attempt to prevent the district
attorney from prosecuting the case constructively removes the district attorney from his elected office
in violation of statutes forbidding such removal except in certain circumstances, not applicable to
this case, after a trial by jury. Tex.Gov't Code, § 41.102, Tex.Local Gov't Code §§ 87.013,
87.018(a). A trial court judge is without legal authority to remove a district attorney and his entire
staff from a case, and any order attempting to do so is void. Eidson, 793 S.W.2d at 5.

 If there is a conflict of interest on the part of the district attorney or his staff, the
responsibility to recuse themselves is theirs and not that of the trial court judge. Eidson, 793 S.W.2d
at 6. If there is a conflict of interest and the district attorney or his staff do not recuse themselves,
the real party in interest is not without recourse through appeal. Eidson, 793 S.W.2d at 6-7.

 In the case before us, the trial court judge has for all practical purposes removed the Hidalgo
County Criminal District Attorney from his constitutionally protected office regarding the
prosecution of this case. We hold the trial court judge erred in entering this order. The writ of
mandamus is conditionally granted. We assume that the Respondent will immediately withdraw the
order disqualifying the district attorney in this case. The writ of mandamus will issue only if he
refuses to do so.

DO NOT PUBLISH

DELIVERED DECEMBER 15, 2004.